UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID MILLER,<br><br>        Plaintiff,<br><br>v.<br><br>C. BONNER, M. BRADY<br>F. LARKIN, A. MANTZ,<br>D. QUINTERO, and SEASIDE PARK<br>BOROUGH,<br><br>        Defendant. | Civil Action No. 14-4310 (PGS)<br><br>REPORT AND RECOMMENDATION |

**BONGIOVANNI, Magistrate Judge**

This matter has been opened by the Court *sua sponte* pursuant to the Order to Show Cause ("OTSC") entered on October 21, 2016, which required Plaintiff to show cause why its claims should not be dismissed with prejudice based on his failure to comply with this Court's Letter Order "directing Plaintiff to file an Amended Complaint regarding the 'as applied' First Amendment claim that survived the Third Circuit's appellate review." (Docket Entry No. 30). For the reasons that follow, it is respectfully recommended that the case be DISMISSED WITH PREJUDICE.

**BACKGROUND AND PROCEDURAL HISTORY**

On July 9, 2014, Plaintiff initiated this litigation by filing a complaint against four Seaside Park, NJ police officers, M. Brady, A. Mantz, C. Bonner, and D. Quintero, and the Seaside Park, NJ Chief of Police, Frank Larkin (collectively "Defendants") alleging claims pursuant to 42 U.S.C. § 1983. (Docket Entry No. 1). After hearing oral argument on the Municipal Defendants' Motion to Dismiss (Docket Entry No. 3) and the Individual Defendants' Motion to Dismiss (Docket Entry No. 4), the District Court granted Defendants' Motions and dismissed Plaintiff's Complaint with

prejudice for failure to state a claim for relief pursuant to FED.R.CIV.P. 12(b)(6). (Docket Entry No. 17 at 6).

On April 21, 2015, Plaintiff appealed the District Court's March 27, 2015 Order and on March 16, 2016, the Third Circuit Court of Appeals affirmed in part and vacated in part the District Court's March 27, 2015 Order. (Docket Nos. 20, 22-2). The Third Circuit affirmed the District Court's dismissal of the claims against the individual Defendants and remanded for further consideration of Plaintiff's First Amendment challenge to Seaside Park Municipal Code § 25-624E. (Docket Entry No. 22-2 at 12).

The District Court reopened the matter for further proceedings on June 29, 2016. (Docket No. 23). On July 8, 2016, the Court received "Plaintiff's Response to Notification of Reopening." (Docket No. 25). According to same, Plaintiff stated that he "received on 5 July 2016 a copy of an order signed by you dated 28 June 2016 that reopens presumably only a minor and insignificant part of my litigation that you completely dismissed." (*Id.* at 2). Plaintiff continued: "This case will only be reopened upon your indictment and the indictment of numerous members of the Third Circuit Court of Appeals pursuant to 18USC§242; convictions will easily follow based upon the brazen cover up of relevant evidence." (*Id.*).

On September 19, 2016, this Court entered a Letter Order clarifying that the matter *had* been reopened and directing Plaintiff "to file an Amended Complaint regarding the 'as applied' First Amendment claim that survived the Third Circuit's appellate review." (Docket Entry No. 29 at 2). The Letter Order further stated that "Plaintiff is directed to file his Amended Complaint by October 17, 2016" and that "Plaintiff is cautioned that if he does not timely file an Amended Complaint that complies with the terms of this Letter Order, his remaining 'as applied' First Amendment claim may be dismissed with prejudice." (*Id.* at 3).

On October 21, 2016, this Court entered a Letter Order to Show Cause ("OTSC"), which stated that, despite this Court's prior Letter Order, Plaintiff had neither filed the requisite Amended Complaint before the October 17, 2016 deadline nor had Plaintiff provided the Court with any reason justifying his failure to act. (Docket Entry No. 30). As a result, the OTSC directed Plaintiff to appear in person on November 17, 2016 at 2:30 p.m. "to show cause why this case should not be dismissed with prejudice based on his failure to comply with this Court's Order and prosecute this matter." (*Id.* at 2). The Court also directed Plaintiff to file "a written position statement explaining why he has failed to comply with this Court's Order and prosecute this matter, and why this case should not be dismissed with prejudice." (*Id.*).

This Court received a letter from Plaintiff on November 4, 2016 in response to its October 21, 2016 OTSC. (Docket No. 32). Disregarding the Court's Order directing Plaintiff to file an Amended Complaint, Plaintiff instead discussed theories of "near complete corruption of the federal government" and attempted to explain why his "contempt for the state and federal judiciary is well founded." (*Id.* at 2). Plaintiff acknowledged this Court's Order directing him to file an Amended Complaint, however his response demonstrated a refusal to comply.[1] (*Id.* at 3). Also included in Plaintiff's letter were three attachments including copies of (1) a letter from Plaintiff to Judge Sheridan from April 2015; (2) an October 21, 2016 letter from Plaintiff to several non-

---

[1] "Regarding what is left of my case in federal court I would rather gamble with a known card cheat than waste my efforts before a corrupt judge. I long ago accepted the near certainty of the complete corruption of the New Jersey District Court therefore I could not care less if you dismiss my case with prejudice. You stated in your letter dated 21 October that my failure to file an amended complaint regarding my claim that survived the Third Circuit Court's review 'has provided the (New Jersey District) Court with no reason justifying his failure'; that statement is sufficient to expose your corruption since ignorance of my case by you cannot be claimed." (Docket No. 32 at 3).

party individuals; and (3) Plaintiff's request for an *en banc* hearing before the Third Circuit Court of Appeals. (Docket No. 32 at 7-14, 15-20, 21-35).

On November 17, 2016 at the Order to Show Cause Hearing, the Court explained to Plaintiff that the hearing was scheduled to advise the Plaintiff that he "would be in jeopardy of having [his] case dismissed in its entirety because [he] hadn't done what [he had] been instructed to do." (Doc. No. 34 at 2). The Court also noted that it had given Plaintiff "the opportunity to file an amended complaint," and "that didn't happen." (*Id.* at 2).

In an attempt to further clarify to the Plaintiff *why* he must file an Amended Complaint, this Court stated: "if you're not going to [file an Amended Complaint], that's fine, you don't have to, but your case could get dismissed. And I just wanted to make sure that you understood that there is a requirement that in every case we have a complaint. And the Court of Appeals' decision had changed the parameters of what your complaint could look like so that's where we are. Any questions, issues, Mr. Miller?" (*Id.* at 3). Plaintiff responded: "Don't tell me you don't understand my case. Don't tell me that you don't understand that the Federal Circuit Court of Appeals covered up evidence of police perjury . . . . Now I wasted my time coming here today, ma'am. I don't care what you do with my case." (*Id.*). Plaintiff repeated his ambivalent sentiment surrounding the possibility of dismissal of his case several more times throughout the proceeding[2] and ultimately told the Court that "you can dismiss my case." (Docket Entry No. 34 at 7.).

---

[2] The Court: "[W]hy aren't you just filing an amended pleading?" Mr. Miller: "Because my amended - - my amended complaint will not - - will not be able to include that perjury attempt. Those policemen have been absolved of any - - of any guilt." . . . The Court: "So you'd rather not go - -" . . . Mr. Miller: "I could not - - I've accepted your corruption a long time ago. I don't care - - I don't care if you dis - - com - - dismiss my complaint, okay?" (*Id.* at 5); Mr. Miller: ". . . like I said, I wasted my time driving up here today. You can dismiss my case. You know, the inconsequential miniscule part that they kept in, that I might be able to get a $50 award from it. You know, forget it." The Court: "Okay. All right, Mr. Miller." Mr. Miller: "All right. So are we done?" The Court: "Yes, we're done." (*Id.* at 7)).

4

## **Analysis**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case. *See* FED.R.CIV.P. 37(b)(2), 41(b). Where such failures have occurred, dismissal may be an appropriate penalty. *Id*. Generally, in determining whether to impose an involuntary order of dismissal with prejudice, the Court considers the factors set forth in *Poulis v. State Farm Casualty Co.*, 747 F.2d , 863, 868 (3d Cir. 1984). These factors include:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Id.* No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti,* 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). If a court finds dismissal appropriate under *Poulis*, it may dismiss an action *sua sponte*, pursuant to its inherent powers and Federal Rule of Civil Procedure 41(b). *See Iseley v. Bitner,* 216 Fed App'x 252, 254-55 (3d Cir. 2007) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).

The Court considers the *Poulis* factors in determining whether to recommend the dismissal of this matter with prejudice. For the reasons that follow, the Court finds that under the circumstances presented here, the *Poulis* factors support the dismissal of Plaintiff's claims with prejudice:

1. **Plaintiff's Personal Responsibility:** Here, Plaintiff's failure to comply with this Court's orders falls squarely on himself. The Court sent copies of all of its orders requiring action on the part of Plaintiff directly to Plaintiff, and indicated in same that

5

it was Plaintiff's responsibility to comply. There is no one but Plaintiff to blame for his multiple failures to do what was ordered of him. As such, the Court finds this factor to favor dismissal with prejudice.

2. **Prejudice to Defendant:** Plaintiff's failure to comply with the Court's orders has caused manifest injustice to Defendants. Plaintiff initiated this action, but has refused to prosecute same. This case has remained stagnant since it has been reopened by the District Court, because of Plaintiff's failure to comply with this Court's orders. Under these circumstances, Defendants cannot fairly defend this matter. Plaintiff's failure to do that which was required of him supports dismissal of this matter with prejudice. *See, e.g., Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir. 1984).

3. **History of Dilatoriness:** Plaintiff has a history of dilatoriness. Plaintiff has failed to comply in a timely fashion with this Court's orders. Most recently, Plaintiff failed to comply with the September 19, 2016 Letter Order entered by the Court which required Plaintiff to submit an Amended Complaint to the Court. Plaintiff's disregard of this Court's Order supports the dismissal of its claims with prejudice.

4. **Willfulness or Bad Faith:** The Court does not on this record find that Plaintiff proceeded in bad faith. The Court does, however, find that Plaintiff's conduct has been willful. While a letter was submitted in response to the Court's October 21, 2016 OTSC, the letter did not comply with what the Order requested, which included statements explaining (1) why he has failed to comply with this Court's Order and prosecute this matter, and (2) why this case should not be dismissed with prejudice and no appearance was made. (*See* 10/21/16 OTSC; Docket No. 30). Plaintiff's response insufficiently addressed these points other than to ambiguously allege corruption and

ambivalently accept dismissal of his complaint with prejudice. (*See* Docket No. 32 at 2; Mr. Miller: ". . . I could care less if you dismiss my case with prejudice."; "My reason for my failure to file an amended complaint is, as you know, due to the demonstrable corruption of the New Jersey District Court and the Third Circuit Court."). The record of Plaintiff failing to comply with the Court's orders, including the OTSC, supports a finding of willfulness. It further supports the dismissal of this matter with prejudice.

5. **Effectiveness of Alternative Sanction:** The record of Plaintiff's clear ambivalence about the case's dismissal with prejudice suggests that alternative sanctions would be futile. Despite several reminders by the Court to Plaintiff that he faced the dismissal of his case with prejudice, Plaintiff did not submit an Amended Complaint or a sufficient position statement, and stated several times in letter correspondence and in-person that he did not care if the case was dismissed with prejudice. On the facts presented here, the Court finds that no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, 09-2460 (WJM), 2011 WL 2610098, *2 (D.N.J. June 15, 2011).

6. **Meritoriousness of the Claims:** In light of the stage of proceedings, the Court is unable to determine the meritoriousness of Plaintiff's claims.

Under these circumstances the Court finds that dismissal of Plaintiff's claims with prejudice is warranted. Plaintiff voluntarily filed this case. After doing so, it has failed to take the steps necessary to move this case forward after remand from the Third Circuit Court of Appeals. Plaintiff has failed to comply with this Court's orders, including the September 19, 2016 Letter Order as well as the October 21, 2016 OTSC, which threatened the possible dismissal of its action with prejudice and required the submissions of (1) an Amended Complaint and (2) a position paper

outlining why this case should not be so dismissed and why Plaintiff failed to file an Amended Complaint.  Plaintiff's actions in this regard demonstrate a pattern of non-compliance with his obligations under the Federal Rules of Civil Procedure, a failure to prosecute this matter which it initiated against Defendants, and an utter disregard for this Court.  As a result, this Court respectfully recommends that this matter be dismissed with prejudice.

**Conclusion**

The Court having considered this matter pursuant to L.Civ.R. 78.1(b) and having given consideration to the *Poulis* factors;

IT IS on this 27th day of January, 2017,

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation; and it is further

ORDERED that the Clerk of the Court send a copy of this Report and Recommendation to Plaintiff at the following addresses:

> David A. Miller
> 23 Guadalajara Drive
> Toms River, NJ 08757

> s/Tonianne J. Bongiovanni
> **HONORABLE TONIANNE J. BONGIOVANNI**
> **UNITED STATES MAGISTRATE JUDGE**